IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL E. THOMAS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:16-CV-00655-DGK |
| | ) (Crim. No. 4:13-CR-00008-DGK) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER DENYING MOTION TO CORRECT SENTENCE

Petitioner Michael E. Thomas ("Petitioner") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Court sentenced him to 96 months' imprisonment.

Now before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) under 28 U.S.C. § 2255, and the Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 13). Because the Supreme Court recently rejected Petitioner's argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), his § 2255 motion is DENIED. The Government's motion to deny Petitioner's motion is GRANTED.

### Background[1]

On March 3, 2013, Petitioner pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm. Plea Agrmnt. (Crim. Doc. 27). In this agreement, Petitioner waived his right to attack his sentence, directly or collaterally, on any

---

[1] The facts in this section derive from: (1) the criminal case record; and (2) the allegations in Petitioner's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Petitioner to relief, the Court denies him an evidentiary hearing and rules on the facts in the record. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

1

ground except claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. *Id.* ¶ 15. The agreement defines an "illegal sentence" as one "imposed in excess of the statutory maximum," and states the term specifically "does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.* (emphasis in original). Petitioner does not challenge the validity of his plea agreement and this waiver.

On June 26, 2013, the Court sentenced Petitioner to 96 months' imprisonment after carefully considering the relevant factors and reviewing the United States Sentencing Guidelines (the "Guidelines"). In calculating Petitioner's Guidelines range, the Probation and Parole Office found he was eligible for an enhanced base offense level because he had two prior convictions that qualified as "crimes of violence." Specifically, the Presentence Investigation Report ("PSR") states Petitioner's prior Missouri convictions for second-degree burglary and resisting arrest by fleeing qualified him for an enhancement under Guidelines § 2K2.1(a). *See* PSR ¶¶ 12, 29, 42 (Crim. Doc. 33). This enhancement would have elevated Petitioner's base offense level to 24, but the PSR used the parties' agreed-upon base offense level of 20 in calculating Petitioner's range. This yielded an advisory imprisonment range of 77 to 96 months. The Court sentenced Petitioner to the top end of the advisory range, and below the statutory maximum of 10 years. Petitioner did not file a direct appeal.

Petitioner filed the instant motion on June 21, 2016. The Court withheld ruling while awaiting the Supreme Court's opinion in *Beckles*. That decision was handed down on March 6, 2017.

**Discussion**

A district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple . . . errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Petitioner argues his prior conviction for resisting arrest by fleeing no longer qualifies as a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court decision invalidating the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner contends that under *Johnson*, the Court's Guidelines calculation violated due process.

This argument is without merit. Petitioner was not sentenced under the ACCA, but instead under a similarly-worded provision in the Guidelines. *See* U.S.S.G. § 4B1.2. The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. Instead, they merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. *Id.* Here, Petitioner was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Because Petitioner's claim is based on the same vagueness challenge the Supreme Court rejected in *Beckles*, it is denied.

**Conclusion**

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DENIED, the Court will not hold an evidentiary hearing, and the Court declines to issue a

certificate of appealability.  The Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 13) is GRANTED.

**IT IS SO ORDERED.**

Date:  May 24, 2017   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT